BOUTALL, Judge.
This appeal arises from a judgment of the trial court awarding $5,508.15 to the plaintiff for the injuries she sustained in a scuffle outside of a streetcar.
On April 24, 1978 at approximately 10:00 A.M. the plaintiff, Anna Meredith, was a passenger on board a streetcar operated by New Orleans Public Service, Inc. (hereinafter referred to as NOPSI) on St. Charles Avenue near Canal St. when she noticed a male passenger attempting to remove the contents of a purse belonging to a female passenger. Immediately, the plaintiff went to the front of the streetcar and informed *739 the operator of this incident. Upon reaching the Canal Street carstop the male passenger exited the rear of the streetcar whereupon he was apprehended by a policeman from the New Orleans Police Department. Subsequently, the plaintiff alighted from the front of the streetcar and waited in this area at the request of a NOPSI representative. Thereafter the male passenger escaped the custody of the policeman and knocked Mrs. Meredith to the ground in fleeing from the scene. The plaintiff sustained personal injuries as a result of this scuffle and later filed suit against NOPSI seeking recovery of damages for these injuries. NOPSI answered alleging that the plaintiff was contributorily negligent. The trial court entered judgment in favor of Mrs. Meredith and against NOPSI in the amount of $5,508.15. From this judgment NOPSI has appealed suspensively.
On appeal the issue before us is whether NOPSI as a public carrier was negligent in failing to exercise the proper degree of care and precaution necessary to prevent an assault or other injuries upon passengers such as Mrs. Meredith who have been requested by the carrier to remain at the scene of criminal activity which took place aboard a motor vehicle operated by the carrier. No issue was raised by either party as to quantum.
The law applicable to this type of case is well settled. In Aime v. Hebert, 282 So.2d 566 (4th Cir. 1973) we stated:
“While not in the position of an insurer, a public carrier of passengers for hire is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. The mere showing of injury to a fare-paying passenger, and his failure to reach his destination safely, establishes a prima facie case of negligence. Such a carrier can be liable for an assault by one passenger on another passenger where there is reason for the carrier employee to anticipate the assault and a failure on his part to take such action as may be practicable under the circumstances to prevent the assault from being committed or to interfere with its execution.”
Also see: Imig v. New Orleans Public Service, 391 So.2d 72 (4th Cir. 1980).
The record before us indicates that a male passenger boarded the St. Charles Avenue streetcar at the intersection of So. Carrollton and Claiborne Avenues on April 24, 1978. The operator of this car testified that he was aware of the fact that this passenger had a reputation as a pick-pocket and further that this person had molested a woman on a streetcar some four days earlier on April 20, 1978. During the course of the trip from this intersection to Canal St. the operator kept an eye on the male passenger for the purpose of insuring the protection of the other passengers. No attempt was made by the operator to force this passenger from the streetcar because NOPSI had a policy of not taking any action until an incident occurred. Thereafter, Mrs. Meredith boarded the streetcar at the intersection of St. Charles Ave. and Cadiz St. on her way to work downtown. Apparently, one block from Canal St. the plaintiff observed the male passenger attempting to remove the contents of a purse belonging to a female passenger. Immediately, Mrs. Meredith informed the operator of this incident who promptly called out to a nearby policeman for assistance. Moments later when the streetcar stopped at Canal St. the male passenger exited the rear of the car into the waiting arms of the policeman. Mrs. Meredith alighted from the front of the streetcar whereupon a NOPSI official requested that she remain at the scene. The purpose for her stay is unclear as the plaintiff testified that she was requested by a NOPSI official to assist in identifying the criminal whereas one of the NOPSI representatives testified that the plaintiff was possibly asked to remain in order that her name and address could be taken for possible future investigation by NOPSI. Shortly thereafter, the male passenger broke loose from police custody and knocked the plaintiff to the ground as he fled from the scene. A NOPSI official helped Mrs. Meredith into the streetcar to see if she was injured. Later on she was taken to the *740 emergency room of Touro Hospital for treatment of the injuries she sustained as a result of the fall. Two of the defendant’s witnesses testified that NOPSI had a policy of requesting witnesses to wait at the scene of an incident in order that a NOPSI representative could obtain the witness’s name and address in the event of possible future claims or investigations.
In consideration of the applicable law and the facts discussed above we find that NOPSI was negligent in failing to take the proper degree of care and caution necessary to prevent the injuries of the kind sustained by Mrs. Meredith. The evidence indicates that the plaintiff remained at the scene of the criminal activity at the request of NOP-SI and therefore, the latter owed a duty to protect the former from a scuffle of this kind. We believe that NOPSI could have prevented this injury and therefore satisfied its duty had they requested that the plaintiff remain on the streetcar for her protection. An incident of this type cannot be regarded as unforeseeable but should indeed have been anticipated by the operator and the other NOPSI officials at the scene.
In Waggenspack v. New Orleans Public Service, Inc., 297 So.2d 733 (4th Cir. 1974) we were faced with a set of circumstances somewhat similar to the matter before us. In that case several passengers aboard a fully loaded NOPSI bus began vandalizing the bus and created a disturbance. As a result the operator stopped the bus and requested assistance. By the time other NOPSI officials arrived on the scene approximately one half of the passengers had dispersed. The remaining passengers on board the bus, including the plaintiff, were given transfers and informed that they would have to catch another bus. The plaintiff and two of his fellow passengers in fearing for their safety from the crowd started to walk to another bus stop. While they were standing at another bus stop the plaintiff was struck over the head with a bottle by a member of a teenage gang. The plaintiff filed suit against NOPSI seeking damages for the personal injuries he sustained. This court held that NOPSI was liable for its failure to exercise the proper degree of care and caution owed to its fare paying passengers. The court stated:
“It is the Court’s belief that a reasonable degree of care would have dictated that the remaining passengers on the bus be allowed to remain on the disabled bus until such time as a relief bus arrived to take them to their destinations. Instead, before a relief bus was even summoned, the remaining passengers were banished to the very street to which the miscreants had fled under cover of darkness, for the uncertain purpose of boarding another bus if one became available.
* * * * * *
“... . Accordingly, the decision of Gerard Waggenspack and his companions to seek another bus stop appears to have been a prudent one under the circumstances and a decision that was forced upon them by the omission of the dispatcher to make a reasonable and prudent decision for the safety of those entrusted to his care.
“In the judgment of the Court the defendant did not exercise that highest degree of care which is owed to a fare paying passenger of a common carrier and which is a well established principle of law.”
Based on the foregoing we order that the judgment of the trial court be affirmed.

Affirmed.